IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SHELIA HALLMAN-WARNER,

    Plaintiff,

v.                                 CIVIL ACTION NO. 1:22-00243

BLUEFIELD STATE COLLEGE
BOARD OF GOVERNORS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated March 31, 2025, the court granted defendants' various motions to dismiss, dismissed defendant Capehart pursuant to Federal Rule of Civil Procedure 4(m), and dismissed this case from the court's docket. Thereafter, on April 28, 2025, plaintiff filed a motion for reconsideration. See ECF No. 72. She has also filed a motion for leave to amend her complaint and "to Submit Newly Obtained Evidence Alleged to Justify the Reconsideration of Case." See ECF Nos. 75 and 76.

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in

1

fact quite distinct." <u>Robinson v. Wix Filtration Corp, LLC</u>, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" <u>Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.</u>, 674 F.3d 369, 378 (4th Cir. 2012) (quoting <u>Zinkand v. Brown</u>, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." <u>Id.</u> The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l. Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

> "Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Id.</u> [<u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998)]. A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081-82 (4th Cir. 1993). In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." <u>Harwley v. Comm'r of Soc. Sec. Admin.</u>, 714 Fed. Appx.

311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." Hutchinson, 994 F.2d at 1082. Accordingly, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

Heaton v. Stirling, Civil Action No. 2:19-0540-RMG, 2020 WL 838468, *1 (D.S.C. Feb. 18, 2020).

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

Plaintiff has not demonstrated that she is entitled to relief under Federal Rule of Civil Procedure 59(e) or 60(b).

3

Therefore, her motion for reconsideration is **DENIED**.  Her motion
to amend is likewise **DENIED** as amendment would be futile.  As for
her motion to Submit Newly Obtained Evidence, it is **GRANTED**
insofar as the court has considered it.  However, the newly
obtained evidence is not relevant to the issues decided by this
court and provides no basis for setting aside the Judgment Order
in this case or for allowing plaintiff to amend her complaint.
Plaintiff's motion to send this decision via overnight mail is
**GRANTED.**

The Clerk is directed to send a copy of this Memorandum
Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 18th day of September, 2025.

ENTER:

David A. Faber
Senior United States District Judge

4